**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SANDRA COMPTON, | CIVIL ACTION NO. 3:15-CV-1386 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| NATIONWIDE AFFINITY INSURANCE COMPANY, | |
| Defendant. | |

### MEMORANDUM ORDER

Presently before the Court is a Notice of Removal (Doc. 1) filed by Defendant Nationwide Affinity Insurance Company ("Nationwide") on July 15, 2015. Defendant seeks to remove to federal court an action that Plaintiff Sandra Compton initiated by filing a Complaint (Doc. 1-1) in the Lackawanna County Court of Common Pleas. Defendant asserts that the Court's basis for subject matter jurisdiction is diversity of citizenship. (Doc. 1, ¶ 5.) Federal district courts possess diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Because the Notice of Removal fails to establish that the Court has subject matter jurisdiction over this action, it will be remanded back to the Lackawanna County Court of Common Pleas unless Defendant can show that diversity jurisdiction is proper.

### I. Analysis

Defendant's Notice of Removal (Doc. 1) fails to properly identify the citizenship of Plaintiff. The Notice of Removal alleges that Plaintiff "is a resident of" Pennsylvania. (*Id.*, ¶ 4.) While Defendant identifies the state where Plaintiff resides, it does not identify the state where Plaintiff has *citizenship*.

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between

citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). "When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

Defendant's Notice of Removal fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the state of citizenship of Plaintiff. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled. *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David,* 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan,* 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton,* 232 U.S. 619 (1914).

To the extent the Complaint alleges where Plaintiff is a resident, this is not sufficient to establish in what state a party is domiciled and has citizenship. *Krasnov,* 465 F.2d at 1300 (3d Cir. 1972). Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See id.* ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted). To properly allege diversity, Defendant must allege the state of citizenship of Plaintiff, not merely where she is a resident. Defendant properly alleges its own citizenship. (Doc. 1, ¶ 3.)

## II. Conclusion

As Defendant has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3).  However, Defendant will be given twenty-one (21) days to amend its complaint to show that diversity jurisdiction exists.  Failure to do so will result in this action being remanded to the Lackawanna County Court of Common Pleas.

**NOW**, this 30th day of July, 2015, **IT IS HEREBY ORDERED** that Defendant Nationwide Affinity Insurance Company is given leave to file an amended notice of removal within twenty-one (21) days from the date of entry of this order to address the identified defect.  If Defendant fails to do so, the action will be remanded to the Lackawanna County Court of Common Pleas.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge